**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEVEN SANDERS, # 212231,

        Petitioner,

                                                                     Case Number: 09-cv-14550

v.                                                                    Honorable Lawrence P. Zatkoff

BARRY DAVIS,

       Respondent.

_____/

**OPINION AND ORDER
(1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, (2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (4) DENYING AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

      Petitioner Steven Sanders, a state inmate currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for first-degree home invasion, MICH. COMP. LAWS § 750.110(a)(2), imposed by a Wayne County circuit court jury on November 16, 2004. He was sentenced to fifteen to thirty years in prison for that conviction. Respondent did not file an answer to the petition, but rather, he filed a "Motion for Summary Judgment" [Dkt. # 9], arguing that the habeas petition was not timely filed under 28 U.S.C. § 2244(d)(1). To date, Petitioner has not filed a response to Respondent's motion. Rather, in his habeas petition, Petitioner argues that the "he was denied access to the law library and that the law librarian impaired his ability (by denying him access to copying) to file his

application with the Michigan Supreme Court." Petition, p. 7 (paranthetical added). For the reasons stated below, the Court will grant Respondent's motion and will dismiss Petitioner's habeas petition. The Court will also decline to issue Petitioner a certificate of appealability and will deny him an application for leave to proceed on appeal *in forma pauperis*.

## I. PROCEDURAL BACKGROUND

Following Petitioner's December 2004 conviction, he filed an appeal of right with the Michigan Court of Appeals, challenging his conviction and sentence on the following grounds: (1) the trial court erred in denying his motion to suppress, and (2) the trial court erred in denying his request to instruct the jury on the necessarily included lesser offenses of third-degree home invasion, MICH. COMP. LAWS § 750.11(a)(4), and entering without permission, MICH. COMP. LAWS § 750.11(a)(4). Petitioner also filed a *pro se* supplemental brief challenging the pretrial identification procedure and alleging that his attorney was ineffective for failing to introduce expert testimony regarding that issue. On July 20, 2006, the Michigan Court of Appeals affirmed his conviction and sentence. *People v. Sanders*, No. 260163, 2006 WL 2033985 (Mich.Ct.App. July 20, 2006).

Petitioner then filed an application for leave to appeal the Court of Appeals's decision with the Michigan Supreme Court, which was denied on December 29, 2006. *People v. Sanders*, 477 Mich. 978, 725 N.W.2d 50 (2006).

On June 14, 2007, Petitioner filed a post-conviction motion, under Mich.Ct.R. 6.500 *et.seq.*, with the trial court. The trial court denied the motion on October 12, 2007. *People v. Sanders*, No. 04-007640-01 (Third Judicial Circuit Court, Oct. 12, 2007).

Petitioner filed a delayed application for leave to appeal the trial court's decision with the Michigan Court of Appeals, which was denied for failure to meet the burden of establishing entitlement to relief under Mich.Ct.R. 6.508(D). *People v. Sanders*, No. 286258 (Mich.Ct.App. Nov. 12, 2007). Petitioner then filed an application for leave to appeal that decision with the Michigan Supreme Court, which was rejected on January 13, 2009, because it was untimely.

Petitioner signed this habeas petition on November 16, 2009, and it was filed with the Court on November 20, 2009.

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas corpus petitions. 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas corpus relief was filed after April 24, 1996, and thus the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997). Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the

> conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Concerning § 2244(d)(1)(A) and a direct appeal from state court, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup. Ct. R. 13.

Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending tolls any period of limitation contained in the statute. A petition for post-conviction relief is "properly filed" under the statute if it meets the applicable state rules governing

filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, tolling is only effective when collateral review is properly sought within the limitations period. *Id.*

Concerning a petition for state post-conviction relief, the one-year statute of limitations is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

### III. DISCUSSION

#### A. Timeliness of Petition

In this case, Petitioner did not file his application for a writ of habeas corpus within the statute of limitations period. Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on December 29, 2006. Petitioner then had ninety days from that order, or until March 29, 2007, in which to seek a writ of certiorari with the United States Supreme Court. Sup. Ct. R. 13. Thus, for statute of limitations purposes, Petitioner's conviction became final on or about March 29, 2007. The limitations period commenced the following day, March 30, 2007, and continued to run uninterrupted until it expired on March 30, 2008. Accordingly, Petitioner was required to file his habeas petition on or before March 30, 2008, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244 (d)(2).

5

On June 14, 2007, Petitioner filed a post-conviction motion in state court, tolling the limitations period. At the time Petitioner's motion was filed, seventy-six days of the limitations period had run. The limitations period was thus tolled. Petitioner had approximately 289 days remaining in the limitations period within which to file his habeas petition. Once the Michigan Court of Appeals denied his delayed application on November 12, 2008, Petitioner had fifty-six days, or until January 7, 2009, in which to file his application for leave to appeal with the Michigan Supreme Court. His application was denied as untimely. Thus, Petitioner had 289 days from January 8, 2009, or until October 23, 2009, in which to file his habeas petition.

Petitioner signed his application for writ of habeas corpus on November 16, 2009, and it was filed with this Court on November 20, 2009, almost one month after the expiration of the one-year statute of limitations. Hence, Petitioner is barred from habeas relief by the untimely filing of his habeas petition.

### B. Equitable Tolling

Recently, in *Holland v. Florida*, -- U.S. --, 130 S.Ct. 2549, 2010 WL 2346549 (June 14, 2010), the United States Supreme Court held that the statute of limitations for habeas actions is subject to equitable tolling. Additionally, the United States Court of Appeals for the Sixth Circuit, has determined that the one-year limitations period can be subject to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). The applicability of equitable tolling on grounds of actual innocence has yet to be decided by the Supreme Court but recognized by the Sixth Circuit. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). The

Supreme Court in considering the question of equitable tolling in habeas cases, determined that, if equitable tolling is available in habeas challenges to state-court convictions, a litigant must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *Holland*, -- U.S. --, 130 S.Ct. at 2563, 2010 WL 2346549, at *12. The Sixth Circuit has repeatedly cautioned that equitable tolling should be granted sparingly. *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005) ("Equitable tolling is permissible under the [AEDPA], although rare.") (citation omitted). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (citing *Griffin*, 308 F.3d at 653).

Here, Petitioner does not allege that there was an impediment to the filing of his habeas petition. Rather, he says that he was impeded from filing his application for leave to appeal with the Michigan Supreme Court. The Court concludes that he has thus failed to establish that § 2244(d)(1)(B) is applicable in this case.

Petitioner has failed to establish that he was not aware of the filing requirement regarding his habeas petition. He also does not allege that he was not aware of the filing deadline with respect to his application in the Michigan Supreme Court. Rather, Petitioner states that he "does not claim ignorance of the Michigan Supreme Court filing deadline." Petition, p. 7. Petitioner alleges that he was denied access to copying and to the law library. Such claims do not warrant tolling of the limitations period. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009); *see also United States ex.rel. Ford v. Page*, 132 F.Supp.2d 1112, 1115-16 (N.D.Ill. 2001) (one-year limitations period would not be equitably tolled because *pro se*

7

petitioner was ignorant of the law and did not have access to the law library; such "run-of-the-mill" excuses did not rise to the level of "extraordinary circumstances"); *Boldiszar v. Prelesnik*, No. 08-10965, 2009 WL 1956931 (E.D. Mich. July 8, 2009) (same).

Against that backdrop, the Court finds that Petitioner did not diligently pursue his rights regarding his application to the Michigan Supreme Court or his habeas petition. In addition, the Court finds that Petitioner has not demonstrated that some extraordinary circumstance stood in his way.

### C. Actual Innocence

In *Souter*, the Sixth Circuit held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *Souter*, 395 F.3d at 588-90. As the *Souter* Court explained, where a petitioner, in order to support a claim of actual innocence in a collateral proceeding "can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter,* 395 F.3d at 602. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Petitioner does not assert that he is entitled to equitable tolling because he is

actually innocent. Petitioner does not provide the court with support for that conclusion; he does not bring forth any new evidence, so that no reasonable juror would find guilty beyond a reasonable doubt. *House v. Bell*, 547 U.S. 518, 538 (2006). Therefore, the Court finds that Petitioner is not entitled to equitable tolling on an actual innocence claim.

Having failed to establish entitlement to either statutory or equitable tolling, Petitioner's petition is dismissed as untimely.

### D. Certificate of Appealability

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court declines to issue Petitioner a certificate of appealability because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson*, 185 F.Supp.2d 747, 753 (E.D. Mich. 2002). The Court also denies Petitioner an application for leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous. *See* Fed.R.App.P. 24(a).

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Respondent's "Motion for Summary Judgment" [Dkt. # 9] is **GRANTED**, and Petitioner's "Petition for Writ of Habeas Corpus" [Dkt. # 1] is **DISMISSED** with prejudice. **IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner a certificate of appealability and **DENIES** him an application for leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

                                                                        S/Lawrence P. Zatkoff
                                                                        LAWRENCE P. ZATKOFF
                                                                        UNITED STATES DISTRICT JUDGE

Dated: August 16, 2010

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 16, 2010.

                                                                           S/Marie E. Verlinde
                                                                           Case Manager
                                                                           (810) 984-3290